■ In the Matter of SHANEEK CHRISTAL W., and Another. BROOKLYN HOME FOR CHILDREN, Appellant; EDITH N. et al., Respondents.—In a proceeding pursuant to Family Court Act article 6, *inter alia,* to terminate the parental rights of the respondents with respect to Shaneek Christal W. (hereinafter Shaneek) and Ronnie Saladin Abdul N., Jr., (hereinafter Ronnie), to free the children for adoption, and commit the children pursuant to Social Services Law § 384-b to the custody and guardianship of appellant and the Commissioner of Social Services of the City of New York, the appeal is from a decision and order (one paper) of the Family Court, Queens County (Pearce, J.), dated April 10, 1985, as amended May 22, 1985, and June 19, 1985, which, after a fact-finding hearing, *inter alia,* dismissed the petition and directed the appellant to provide the respondent Ronald N. with periodic visits with both children at the place of his incarceration and to assist him in establishing and strengthening ties with the children.

Decision and order, as amended, modified, on the law and the facts, without costs or disbursements, by deleting therefrom the provisions directing the appellant to provide respondent Ronald N. with periodic visits with both children at the place of his incarceration. As so modified, decision and order, as amended, affirmed, without costs or disbursements, and matter remitted to the Family Court, Queens County, for a hearing on the issue of whether visits with respondent Ronald N. at his place of incarceration would be in the best interests of the children.

A close question was presented by the evidence as to the mental health and abilities of Edith N., the mother of the children herein. The appellant's expert witness, a psychiatrist, testified that the mother appears to be suffering from mild mental retardation and chronic schizophrenia. However, he also testified that he was unable to rule out the possibility that if the mother cooperated with treatment, she could be rehabilitated to be able to provide adequate care for the children. In light of this testimony, and giving due weight to the observations of the trial court (see, Barnet v Cannizzaro, 3 AD2d 745), the evidence as to the mother's inability to care for the children by reason of mental illness or mental retardation cannot be said to be clear and convincing (see, Matter of Hime Y., 52 NY2d 242).

Nevertheless, in the event that the mother fails to cooperate with all rehabilitative efforts hereinafter made by the appellant, and to show a very substantial improvement in her ability to care for the children, the appellant will be able to bring another proceeding to terminate her parental rights on this ground.

Similarly, the evidence as to the mother's neglect of the children was sufficient to show that the mother is perilously close to having her parental rights terminated on the ground of permanent neglect.

In view of the absence of any evidence concerning whether visitation with Ronald N., the natural father of one of the subject children, would be in the best interests of either or both children, we remit the matter for a hearing on this issue (see, Family Ct Act § 622).

We have considered the parties' other contentions and find them to be without merit. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.